UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BEAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1151 CDP |
| | ) | |
| ROOFPROS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Defendants Roofpros, Inc., and Web.com Group, Inc., used plaintiff John Beal, Inc.'s tradename and logo in their online advertising to solicit business from homeowners who believed they were doing business with and requesting a quote from plaintiff, a roofing contractor, when in fact they were not. Because plaintiff has sufficiently pled a claim of trademark infringement in Count I of its amended petition, I will deny Web.com's motion to dismiss that claim. Plaintiff fails to allege sufficient facts, however, to support its claim of tortious interference with business expectancies raised in Count II. I will therefore grant Web.com's motion to dismiss to the extent it is directed to that state law claim.

## Legal Standard

Web.com seeks to dismiss plaintiff's amended petition under Fed. R. Civ. P.

12(b)(6) for failure to state a claim.[1]  When reviewing a Rule 12(b)(6) motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013).  To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

While the Court ordinarily does not consider matters outside the pleadings when ruling a motion to dismiss, *see* Fed. R. Civ. P. 12(d), it may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).  The Court may also consider public records.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

---

[1] Although Roofpros was served with process on October 31, 2016, it has not yet appeared in this action.

## Background[2]

Plaintiff John Beal, Inc., is a roofing contractor that does business in Illinois and Missouri. Defendants Roofpros and Web.com conduct business through the internet.

Defendants have used "John Beal Roofing" and the John Beal logo in their online advertising to solicit business from homeowners who believe they are requesting a quote from plaintiff. Web.com sells the leads generated from this online advertising to non-Beal roofing contractors, who then visit the homes of these customers. The customers believe the contractors are representatives of and/or are affiliated with plaintiff when, in fact, they are small, unknown, and financially irresponsible companies.

Plaintiff claims that it has lost existing and prospective customers through defendants' deceptive business practices and unauthorized use of its trademarked name and logo. Plaintiff seeks injunctive relief for trademark infringement and monetary damages for tortious interference with business expectancy.

## Discussion

A.  <u>Trademark Infringement</u>

On June 21, 2016, the United States Patent and Trademark Office (USPTO) registered to plaintiff John Beal, Inc., the word mark "John Beal" for use in the

---

[2] The facts set out here are those alleged in the amended petition, which I must assume are true for purposes of the motion to dismiss.

provision of various building services, including roofing services. First use of the mark was claimed to be in December 1989.³ The mark's designed logo was registered to plaintiff on March 29, 2016, with a claimed first use of October 2013.⁴

Web.com claims that plaintiff did not have a registered trademark before it filed its amended petition in May 2016 and, further, that the conduct of which plaintiff complains occurred in July 2015, which was prior to the time plaintiff sought to register its mark.⁵ Web.com argues that, because plaintiff lacked a registered mark at the time of the alleged infringement, it is not a "registrant" under 15 U.S.C. § 1114(1) and cannot bring a claim of trademark infringement.

The Lanham Act provides for separate causes of action for infringement of registered and unregistered trademarks. *See* 15 U.S.C. § 1114 (registered); 15 U.S.C. § 1125 (unregistered). Section 1114(1) protects only registered trademarks and is available only to the "registrant" of the mark. Accordingly, to the extent plaintiff claims that Web.com infringed its mark(s) at a time prior to their registration, such a claim cannot be brought under 15 U.S.C. § 1141(1). To the extent plaintiff claims that Web.com infringed its mark(s) after their registration, the

---

³ ECF #23-1, Hyland Affid. – Exh. A, USPTO registration. I may take judicial notice of USPTO records on a motion to dismiss, but only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates. *See Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014).
⁴ ECF #23-1, Hyland Affid. – Exh. B, USPTO registration.
⁵ Web.com bases this argument on an exhibit attached to plaintiff's original petition and referenced in its amended petition, depicting an internet screen shot from "www.roofpros.us" dated July 2, 2015. (*See* ECF #1-1 at pp. 38-39.)

claim may proceed.

Trademark infringement actions may be brought in relation to unregistered marks under 15 U.S.C. § 1125(a). Under this section, a civil action may be brought by "any person who believes that he or she is or is likely to be damaged by" another person's use in commerce of

> any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --- is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]

15 U.S.C. § 1125(a)(1)(A). Accordingly, to the extent plaintiff claims that Web.com infringed its marks prior to their registration, such a claim may be brought under § 1125(a)(1).

Web.com also argues that, under 15 U.S.C. § 1111, plaintiff cannot recover lost profits or damages for any alleged infringement because it failed to give notice of registration or allege that Web.com had actual notice of the registration. However, plaintiff seeks only injunctive relief for the alleged infringement of its trademarks. I will therefore not address Web.com's argument that plaintiff cannot recover damages on the claim.

Finally, Web.com asks me to find plaintiff's request for injunctive relief moot given that plaintiff acknowledged in a subsequent filing that the alleged infringing

conduct ended. As an initial matter, I may not review matters outside the pleadings in determining a Rule 12(b)(6) motion to dismiss, and Web.com has failed to demonstrate that the extraneous material it urges me to consider falls within an exception to this rule. Nevertheless, the memorandum to which Web.com refers (ECF #12) acknowledges that defendant Roofpros no longer uses plaintiff's name and trademark on the internet. Nothing in this memorandum claims that Web.com stopped its alleged infringing use.

Accordingly, Web.com's motion to dismiss plaintiff's claim of trademark infringement will be denied.

B. <u>Tortious Interference with Business Expectancy</u>

Under Missouri law, plaintiff can state a claim against Web.com for tortious interference with a business expectancy if it alleges sufficient facts showing: (1) a contract or valid business expectancy; (2) Web.com's knowledge of the contract or relationship; (3) Web.com's intentional interference causing a breach of the contract or relationship; (4) absence of justification for Web.com's interference; and (5) damages resulting from Web.com's conduct. *Process Controls Int'l, Inc. v. Emerson Process Mgmt.,* 753 F. Supp. 2d 912, 931 (E.D. Mo. 2010) (citing *Community Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n,* 796 S.W.2d 369, 372 (Mo. banc 1990)). To be actionable, the business expectancy must be valid or reasonable; it cannot be too indefinite or remote. *Ozark Emp't Specialists, Inc. v.*

*Beeman*, 80 S.W.3d 882, 893 (Mo. Ct. App. 2002). Because plaintiff fails to allege facts adequate to satisfy the first two elements, I will grant Web.com's motion to dismiss this claim.

Web.com first argues that plaintiff's allegation that it lost prospective customers is insufficient to show that it had reasonable business expectancies in relation to these customers. This argument is well taken. For plaintiff to have a reasonable business expectancy, there must be a probable future business relationship from which it anticipated receiving financial benefits. *Eib v. Federal Reserve Bank of Kansas City,* 633 S.W.2d 432, 435-36 (Mo. Ct. App. 1982). It cannot be based on only speculation or conjecture. *Misischia v. St. John's Mercy Med. Ctr.,* 30 S.W.3d 848, 863 (Mo. Ct. App. 2000), *abrogated on other grounds by Ellison v. Fry*, 437 S.W.3d 762 (Mo. banc 2014). The hope of establishing a business relationship through prospective dealings with customers with whom there has been no course of prior dealings does not constitute a reasonable business expectancy. *Id.*; *Sloan v. Bankers Life & Cas. Co.,* 1 S.W.3d 555, 565 (Mo. Ct. App. 1999). Accordingly, a mere assertion of interference with prospective customers fails to raise a right to relief above the speculative level. *Boxes of St. Louis Inc. v. Davolt*, No. 4:09CV922 RWS, 2010 WL 3118319, at *2 (E.D. Mo. Aug. 5, 2010).

Here, plaintiff alleges that defendants attempted to secure roofing contracts

from persons who thought they were dealing with Beal, causing it to lose "customers and contracts that [it] would have secured but for [defendants'] improper actions." This mere assertion of interference with prospective customers, however, is insufficient to satisfy the first element of tortious inference, that is, that plaintiff had reasonable business expectancies.

To the extent plaintiff claims that defendants' deceptive business practices lured existing customers away, plaintiff makes no allegation that Web.com knew that plaintiff had an existing business relationship with these alleged customers. Because plaintiff does not allege facts sufficient to claim that Web.com had knowledge of these business relationships, the second element is not met and plaintiff's claim of tortious inference fails. *Boxes of St. Louis,* 2010 WL 3118319, at *2 (claim dismissed where plaintiff failed to allege that defendant had any knowledge of existence of valid business relationship); *cf. Icard Stored Value Sols., L.L.C. v. West Suburban Bank*, No. 4:07-CV-1539 CAS, 2008 WL 619236, at *5 (E.D. Mo. Mar. 3, 2008) (claim of tortious interference with contract dismissed where plaintiff failed to allege that defendant had knowledge of contract).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Web.com Group, Inc.'s Motion to Dismiss [22] is granted in part and denied in part.

This case will be set for a Rule 16 scheduling conference by separate Order.

Defendant Web.com Group, Inc., is reminded of its obligation to answer Count I of the amended petition within the time set by the rules.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2016.