UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BEAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 1151 CDP |
| | ) |
| ROOFPROS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff John Beal, Inc., filed this trademark infringement action in State court in November 2015. When new defendants were named in May 2016, including defendant Roofpros, Inc., the matter was removed to this Court. Roofpros was thereafter served with process in October 2016 but has yet to enter an appearance. The other defendant pending at the time of removal, Web.com Group, Inc., has since been dismissed.

With leave of Court, plaintiff filed an amended complaint on July 19, 2017, again naming Roofpros as a defendant, as well as All Response Media, Ltd., a foreign company located in the United Kingdom. In granting plaintiff leave to file this amended complaint, I instructed that service be effected on this foreign defendant in accordance with Fed. R. Civ. P. 4(*l*) and that plaintiff promptly provide proof of such service. Nothing has happened in this case since.

The 90-day limit for service of process under Fed. R. Civ. P. 4(m) does not apply to service in a foreign country. However, a plaintiff is not granted unlimited time to serve a foreign defendant and must act diligently in effectuating service within a reasonable time. *Nithyananda Dhanapeetam of St. Louis v. Rao*, No. 4:13-CV-1683 CAS, 2014 WL 1208014, at *2 (E.D. Mo. Mar. 24, 2014). Although the amended complaint was filed nearly three months ago, nothing in the record shows plaintiff to have taken any action to effect service upon All Response Media. I will therefore order plaintiff to inform me as to the status of service upon this foreign defendant.

With respect to defendant Roofpros, this action has been pending against it since May 2016 and service of process was effected upon it in October 2016. Further, the amended complaint's certificate of service shows plaintiff to have served Roofpros with the amended complaint in July 2017. Roofpros, however, has yet to enter an appearance in this action, and plaintiff has taken no steps seeking disposition of its claims against Roofpros, whether by default or otherwise. I will therefore order plaintiff to file an appropriate motion for entry of default and default judgment, or to show cause why its claims against defendant Roofpros should not be dismissed for failure to prosecute.

This single action has been pending in either a State or Federal forum for nearly two years and none of the pending defendants are yet before the Court. It is

time for this action to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that no later than **October 26, 2017**, plaintiff shall inform the Court as to the status of service upon foreign defendant All Response Media, Ltd. In the event service of process has not yet been perfected, plaintiff shall immediately take the necessary steps to cause process to issue in accordance with the Federal Rules of Civil Procedure and shall certify to this Court that it has done so.

**IT IS FURTHER ORDERED** that no later than **October 26, 2017**, plaintiff shall file an appropriate motion for default and default judgment as to defendant Roofpros, Inc., supported by all necessary affidavits and documentation, along with a proposed order granting the motion for default by the Clerk of Court and a separate proposed default judgment for my consideration. In the absence of filing a motion for default and for default judgment, plaintiff shall show cause why its claims against defendant Roofpros, Inc., should not be dismissed for failure to prosecute.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2017.